MEMORANDUM **
Arnel Lovert Johnson, a state prisoner, appeals from the district court’s denial of his petition for a writ of habeas corpus. On July 31, 2001, Johnson was convicted by a jury in California Superior Court of first degree murder, Cal. Penal Code § 187(a), attempted second degree robbery, id. §§ 211, 664, and second degree burglary, id. § 459. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Johnson’s claims do not warrant relief under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Under AEDPA, habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Johnson’s claims “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
The California Court of Appeal’s determination that Johnson’s second appointed counsel did not render ineffective assistance of counsel was not contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nor was this conclusion an unreasonable determination of the facts, as it is clear that Johnson’s second attorney did not perform deficiently. In the brief time he represented Johnson, the attorney appeared in court on Johnson’s behalf on four occasions, retrieved and initiated his review of the extensive files prepared by Johnson’s previous attorney, conferred briefly with the previous attorney, and opened his phone line to receive collect calls from Johnson.
Moreover, shortly after his second attorney was appointed, Johnson expressed determination to have him replaced due to an alleged conflict of interest that had no basis in reality, as both the attorney and the trial court explained to Johnson. Under these circumstances, the attorney’s failure to make further preparations or to visit Johnson was justified by Johnson’s uncooperative refusal to accept, and dogged attempts to remove, his new attorney. Although trial was less than two months away when the attorney was appointed, the attorney had a reasonable expectation that trial would be postponed due to Johnson’s interference. That the court did postpone the trial for two months confirms the reasonableness of this expectation. In light of Johnson’s uncooperative behavior, it is not reasonable to expect a competent attorney to do more. Because the attorney’s representation was not deficient, Johnson’s ineffective assistance claim fails, and we need not consider prejudice. See Delgadillo v. Woodford, 527 F.3d 919, 930 n. 5 (9th Cir.2008).
Nor did the California Court of Appeal contradict or unreasonably apply clearly established federal law in upholding the trial court’s denial of Johnson’s *540 motion to substitute counsel. Any conflict between Johnson and his second attorney resulted from Johnson’s unfounded suspicions that another of his attorney’s clients was a potential criminal informant in his case, and from Johnson’s insistent attempts to replace his attorney. The pre-AEDPA caselaw upon which Johnson relies is inapposite. To warrant relief under AEDPA, “there must be a showing of an actual conflict, namely that a defendant’s attorney is representing conflicting interests.” Plumlee v. Masto, 512 F.3d 1204, 1210 (9th Cir.2008) (en banc) (emphasis in original). Johnson fails to make this showing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.